

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHERYL W. HERNANDEZ | * | CIVIL ACTION |
| VERSUS | * | NO. 00-260 |
| WAL-MART STORES, INC. | * | SECTION "F" |

### ORDER AND REASONS

Before the Court is defendant's motion for summary judgment. For the reasons that follow, defendant's motion is GRANTED.

### Background

The plaintiff, a white female, worked at Wal-Mart as a sales associate from July 31, 1989 until February 26, 1999, when she was terminated for making a racial comment to a customer who was buying a cooking pot. She told the customer that the pot was so big that "you could take this pot to Africa and boil animals in it."[1] The customer reported this incident to the Assistant Manager

---

[1] The plaintiff does not dispute that she made the comment. Her only dispute is that the comment was not racially motivated.



of the store and Hernandez was terminated.[2] However, when processing the plaintiff's termination papers, the Manager, Rodney Brown, stated that the plaintiff was terminated for providing poor customer service.[3]

Although the plaintiff was terminated, she was eligible for rehire after 90 days without loss of seniority or benefits. However, she never applied to be rehired. Instead, she filed a complaint with the Equal Employment Opportunity Commission for race discrimination. She says that after she was fired, she learned that several non-white sales associates who were cited for poor customer service were treated more favorably than white sales associates who had committed the same workplace violations. The EEOC dismissed her complaint and in January 2000 she filed this lawsuit against Wal-Mart for race discrimination under Title VII of the Civil Rights Act of 1964. Wal-Mart now files this motion for summary judgment to dismiss plaintiff's claims.

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary

---

[2] Wal-Mart has an anti-discrimination policy which provides that making racial comments to customers is an immediately terminable offense. The plaintiff was aware of this policy.

[3] Apparently Brown had a good relationship with the plaintiff and was sympathetic to her concerns that people might think she was a racist if the customer complaint was cited.

2

judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone

Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Application

To sustain a claim for employment discrimination, the plaintiff must first prove, by a preponderance of the evidence, a prima facie case of discrimination. Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 1091, 67 L.Ed.2d 207 (1981) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668). If the plaintiff can establish a prima facie case of discrimination, then the burden shifts to the defendant to establish that there was a legitimate, non-discriminatory business reason for its action against the plaintiff. Id. If the defendant can satisfy this burden, then the plaintiff must show that the reasons offered by the plaintiff were merely a pretext for discriminatory behavior. Id. Thus, the ultimate burden falls on the plaintiff to show that defendant intentionally discriminated. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 503, 113 S.Ct. 2742, 2745, 125 L.Ed.2d 407 (1993). To make out a prima facie case in a work-rule violation case, the plaintiff may demonstrate that she "did not violate the rule, or that, if [s]he did, [non-white] employees who engaged in similar

acts were not punished similarly." <u>Mayberry v. Vought Aircraft Co.</u>, 55 F.3d 1086, 1090(5th Cir.1995), quoting <u>Green v. Armstrong Rubber Co.</u>, 612 F.2d 967, 968 (5th Cir.1980). Thus, in order to prevail, the plaintiff must show that non-white employees in "nearly identical" circumstances were treated more leniently. <u>Little v. Republic Ref. Co.</u>, 924 F.2d 93, 97 (5th Cir.1991).

Although plaintiff's termination report indicates that she was fired for poor customer service, she was in fact fired for making what was considered a racial comment to a customer. This is not disputed. However, the plaintiff asserts that other non-white employees who were cited with providing poor customer service were not terminated, and therefore, the only reason she was fired was because she was white. In her opposition to the motion, the plaintiff points to several instances of non-white employees who provided poor customer service but were not terminated. None of these reports indicate that any of these employees made racial comments to customers, and plaintiff even admits in her deposition that she was not aware of any non-white employees who made racial comments to a customer and were not fired for that type of behavior. Therefore, the plaintiff obviously has not sustained her burden in showing that she was treated differently than non-white

employees who engaged in the same type of behavior.  Accordingly, Wal-Mart's motion for summary judgment is GRANTED.

New Orleans, Louisiana, April 6, 2001.

                                              *[signature]*
                                         MARTIN L. C. FELDMAN
                                     UNITED STATES DISTRICT JUDGE